IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 11-cv-03231-CMA-MJW (Consolidated for All Purposes with
Civil Action No. 11-cv-03404-CMA-MJW and
Civil Action No. 12-cv-00240-CMA-MJW)

FIRSTIER BANK, KIMBALL, NEBRASKA, a Nebraska Bank,

    Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for
FIRSTIER BANK, LOUISVILLE, COLORADO, a Colorado Bank in receivership,

    Defendants.

## ORDER GRANTING MOTION FOR CONSOLIDATION OF ACTIONS

This matter is before the Court on the Motion for Consolidation of Actions (Doc. # 14) filed by Defendant Federal Deposit Insurance Corporation in its capacity as Receiver for FirsTier Bank, Inc., Louisville, Colorado ("FDIC-R") in the above-captioned case (11-cv-03231), as well as by FDIC-R's Motions for Consolidation of Actions in Case Nos. 12-cv-00240-CMA-KMT ("*Adams I*" action) (Doc. # 32) and 11-cv-03404-CMA-KMT ("*Adams II*" action) (Doc. # 16). Plaintiff Adams Bank ("Adams") filed responses in both *Adams I* (Doc. # 42) and *Adams II* (Doc. # 22), and FDIC-R filed replies in both *Adams I* (Doc. # 43) and *Adams II.* (Doc. # 23). For the following reasons, FDIC-R's motions for consolidation of actions are granted and the three cases will be consolidated.

## I. BACKGROUND

All three cases relate to a $17 million loan originated by FirsTier Bank, Louisville, Colorado ("FTB-CO") and the resulting Loan Participation Agreements between FTB-CO and Adams, and between FTB-CO and FirsTier Bank, Kimball, Nebraska ("FTB-NE"). Both Adams and FTB-NE claim that their respective Loan Participation Agreements with FTB-CO entitled them to a "Last-in First-out" priority right to repayment of their loaned funds. Thus, both Adams and FTB-NE argue for enforcement of their priority rights, and dispute the validity of the other's Loan Participation Agreement.

After FTB-CO defaulted on the loan, Adams filed suit against FTB-CO in Nebraska state court. (*Adams I*, Doc. # 1 at 2.) Shortly thereafter, the Colorado Department of Banking declared FTB-CO insolvent and appointed Defendant FDIC-R as its receiver. (*Id.*) Defendant FDIC-R was substituted as the real party in interest for FTB-CO. (*Id.*) *Adams I* was then removed to the U.S. District Court, District of Nebraska on March 2, 2011, and ultimately transferred to this district on January 30, 2012. (Doc. # 1.) In *Adams I*, Adams asserts various claims against FDIC-R based upon provisions of the Loan Participation Agreement between FTB-CO and Adams that allegedly provided that, regardless of default, funds shall be "first applied to Adams['] participation interest prior to any application of funds to [FTB-CO]." (*Adams I*, Doc. # 2, ¶ 9.)

Before *Adams I* was accepted for transfer, FTB-NE filed suit (No. 11-cv-03231) against Defendant FDIC-R and the Federal Deposit Insurance Corporation, in its

corporate capacity ("FDIC-C").[1] FTB-NE brings claims against both FDIC-R and FDIC-C disputing the validity of Adams' Loan Participation Agreement and seeking a determination of the rights of the parties under the Loan Participation Agreements. (Doc. # 1, ¶¶ 12, 43.)

On December 30, 2011, Adams filed *Adams II*. (*Adams II*, Doc. # 1.) In *Adams II*, Adams makes essentially the same claims against Defendant FDIC-R as in *Adams I*, and adds FTB-NE and FDIC-C as defendants. (*Id.*) Adams argues that inclusion of FTB-NE as a party is appropriate because FTB-NE disputes Adams' alleged "Last-in First-out" priority rights. (*Id.,* ¶ 17*.*) Adams requests "a judicial declaration . . . to determine the priority of any disbursements as between Adams, [and FTB-NE]. (*Id.*, ¶103.)

Additionally, Adams and FTB-NE both assert various additional claims against FDIC-R relating to FDIC-R's post-receivership conduct involving the loan and the administrative claims filed by both Plaintiffs with Defendant FDIC-R.

## II.  LEGAL STANDARD

Fed. R. Civ. P. 42(a) provides that, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  In ruling on a motion to consolidate, "[t]he court generally weighs the saving of time and effort that consolidation would produce against

---

[1] Defendant FDIC-C has been dismissed as a defendant in Case No. 11-cv-0321. (Doc. # 22.) However, Defendant FDIC-C remains a defendant in Case No. 11-cv-3404.

any inconvenience, delay, or expense that consolidation would cause." *Emp'rs Mut. Cas. Co. v. W. Skyways, Inc.*, No. 09-cv-01717, 2010 WL 2035577, at *1 (D. Colo. May 21, 2010) (unpublished).  As the language of Rule 42(a) indicates, a district court has broad discretion to grant or deny a motion to consolidate.  *See Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1279 (10th Cir. 2001) ("[I]t is of course within the district court's discretion to consolidate the claims.").

### III. ANALYSIS

After reviewing the parties' briefs and considering the history of each case, the Court finds that the interests of judicial efficiency warrant consolidation of these three cases.  First, all three cases involve common questions of law and fact.  Each case arises from the parties' involvement in the same loan initiated by FTB-CO and the resulting Loan Participation Agreements.  The central factual dispute and fundamental issues between the parties are the same in all three cases: the rights of the parties with respect to each Loan Participation Agreement, the validity of each Loan Participation Agreement, and, if disbursements are to be made, the priority of such disbursements. Further, Adams' claims against FDIC-R in *Adams I* and *Adams II* are almost identical. FTB-NE also asserts similar claims against FDIC-R and FDIC-C.  Thus, resolving these disputes would affect the rights of the parties in all cases and resolving the disputes separately would create the risk of inconsistent results.

Second, the Court does not perceive consolidation to pose any risk of prejudice to any party.  Procedurally, the cases are all in the early stages of litigation, and

consolidating these actions will not complicate or delay the proceedings. Additionally, consolidation will lessen the burden on the parties, witnesses, and will promote efficient use of judicial resources.

Adams, in its response to FDIC-R's Motion for Consolidation in *Adams I* (Doc. # 42), opposes consolidation to the extent that consolidation would impact: (1) whether prior statements by Defendant FDIC-R could be classified as judicial admissions; (2) whether Adams complied with 12 U.S.C. § 1821(d)(6)(A); and (3) whether Adams' suit would be classified as a pre-receivership suit.[2] (*Id.*) Without expressing any view on the merits of Adams' "concerns," such concerns are beside the point because consolidation of these actions would not merge the suits into a single action; each case retains its separate character and requires a separate judgment.[3] *See United States v. Trippet*, 975 F.2d 713, 717-18 (10th Cir. 1992) (holding that consolidated cases should be treated separately, including for determining jurisdiction); *Chaara v. Intel Corp.*, 410 F. Supp. 2d 1080, 1094 (D.N.M. 2005) ("consolidation is an artificial link forged by a court for the administrative convenience of the parties; it fails to erase the fact that, underneath consolidation's facade, lie two individual cases."). Therefore, consolidation will ease the administrative burden on the parties and on the Court, but will not affect the merits of Adams' claims.

---

[2] Adams' response in *Adams II* incorporates its response in *Adams I*. (*Adams II*, Doc. # 22.)

[3] The Court may find it appropriate to merge the cases into a single action at a later time. At this time, however, the lawsuits retain their separate identities.

## IV. **CONCLUSION**

Accordingly, IT IS ORDERED THAT Case Nos. 12-cv-00240-CMA-KMT and 11-cv-03404-CMA-KMT be consolidated with Case No. 11-cv-03231 pursuant to Fed. R. Civ. P. 42(a), and future filings in any of these actions shall contain the caption as set forth above and shall be docketed in Case No. 11-cv-03231-CMA-MJW.  It is

FURTHER ORDERED that Case Nos. 12-cv-00240-CMA-KMT and 11-cv-03404-CMA-KMT be reassigned and referred to Magistrate Judge Michael J. Watanabe, to conduct non-dispositive proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b).

DATED:  May __08__, 2012

BY THE COURT:

*[signature: Christine M Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge